Nonna OSIPOVA, Plaintiff,

v.

David DINKINS, The Mayor of the City of New York, Lee Brown, ex-commissioner of New York Police Department, Raymond Kelly, Commissioner of New York Police Department, Police Officers from 30th precinct: Rodriquez, Martinez, and two more officers Tom Doe and John

Doe (proper names would be substituted after discovery) who were with Martinez, Juliette Clarke, Ralph Roe, and Jane Roe (names would be substituted after discovery) tenants, ASPCA, and the City of New York, Defendants.

No. 92 Civ. 8959 (JES).

United States District Court, S.D. New York.

Dec. 7, 1995.

Nonna Osipova, New York City, Plaintiff, Pro se.

Juliette Clarke, New York City, Defendant, Pro se.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Pursuant to 42 U.S.C. § 1983, plaintiff *pro se* Nonna Osipova brings the instant action claiming, *inter alia*, that defendant Juliette Clarke violated her constitutional right to be free of illegal searches and seizures. Pursuant to Federal Rule of Civil Procedure 56, Clarke moves for summary judgment. For the reasons that follow, Clarke's motion is granted.

## BACKGROUND

The facts underlying the instant action, summarized briefly herein, are set forth in an earlier opinion by the Court. *See Osipova v. Dinkins, et al.*, 864 F.Supp. 360 (S.D.N.Y. 1994). In or about November 1992, Osipova lived in an apartment at 222 Edgecombe Avenue in New York City. *Id.* at 361. Clarke was Osipova's landlord. *Id.* On or about November 20, 1992, water began to leak into Osipova's apartment from the apartment above. *Id.*

To stop the leak, Osipova summoned the fire department to turn off the valve controlling the water supply to the entire building. *Id.* Thereafter, the tenant occupying the apartment below Osipova turned the valve to restore the water supply to the building. *Id.* Osipova summoned the fire department a second time to turn the water off. *Id.* The tenant again turned the water on. *Id.* Osipova again summoned the fire department to have the water supply turned off. *Id.* The tenant again turned the water back on. *Id.* In retaliation, Osipova poured a bucket of water down a vent in her apartment, causing leakage throughout the apartment below. *Id.*

On November 23, 1992, Clarke attempted to enter Osipova's apartment to allow a plumber to locate and repair the leak. *Id.* However, Osipova refused to open her door. As a result, Clarke summoned the police for assistance. *Id.* In response, police officer Elmer Martinez arrived at the apartment building.

Clarke informed Officer Martinez that Osipova's apartment had leaked water into the boiler room resulting in a lack of heat and hot water for the entire building. *Id.* Thereafter, Officer Martinez knocked on Osipova's door, identifying himself as a police officer and requesting entry in order to allow a plumber access. However, Osipova again refused to open her door. *Id.* Officer Martinez summoned a police sergeant, and again unsuccessfully sought permission to enter Osipova's apartment. *Id.* Osipova claims that Officer Martinez then used force to open the door and enter her apartment "under [a] pretense to provide access to a 'plumber' for a search of leaks though there was no evidence or suspicions that there was a leak in [her] apartment [sic]." *Id.* (quoting Verified Complaint).

Pursuant to 42 U.S.C. § 1983 and various New York State statutes, Osipova, acting *pro se*, filed the instant action against the Mayor of New York City, David Dinkins; the City of New York; Elmer Martinez and other defendants associated with the City ("City Defendants"); and against Juliette Clarke and the A.S.P.C.A. Osipova alleges violations of her rights under the Fourth Amendment

and New York State laws. By Order dated September 14, 1993, the Court dismissed all claims against the A.S.P.C.A. and the City Defendants, except the Fourth Amendment claim against Officer Martinez for entering Osipova's apartment without permission. By Memorandum Opinion and Order dated October 6, 1994, the Court dismissed the claim against Officer Martinez on the basis of qualified immunity.

Clarke is the sole remaining defendant in the instant action. Read liberally, *see Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), Osipova's petition claims that Clarke conspired with Officer Martinez to violate Osipova's Fourth Amendment rights by unlawfully entering her apartment. In moving for summary judgment, Clarke argues that Osipova cannot, as a matter of law, establish a claim of conspiracy between Clarke and any of the City Defendants.

## DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where, as here, "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–52, 106 S.Ct. 2505, 2509–12, 91 L.Ed.2d 202 (1986) (discussing standards governing motion for summary judgment); *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

■ Under 42 U.S.C. § 1983, a plaintiff must prove that he was deprived of a right secured by the constitution and laws of the United States. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1969). Where, as here, a private party is charged with a constitutional violation, the plaintiff must prove state action. *Id.* A plaintiff must establish state action by showing that the private party acted together with, or obtained significant aid from, state officials or that her conduct is otherwise attributable to the state. *See Lugar v. Edmondson Oil Company, Inc.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753–54, 73

L.Ed.2d 482 (1982). Under § 1983, state action requires a showing that a private party acted "under color of" state law by conspiring or jointly participating with a state official to violate the plaintiff's constitutional rights. *See id.* at 931, 941, 102 S.Ct. at 2750, 2756 (explaining holding in *Adickes, supra* ). Alternatively, a plaintiff may prove state action by establishing that the state procedures employed were constitutionally suspect. *See Lugar,* 457 U.S. at 933, 102 S.Ct. at 2751–52.

■ Where, as here, a private party merely invokes state legal procedures not alleged to be constitutionally suspect, no cognizable claim under § 1983 arises. *See id.* at 939 n. 21, 102 S.Ct. at 2755 n. 21. Nor can any alleged private misuse of a state statute, without more, be attributable to the state under § 1983. *See id.* at 941, 102 S.Ct. at 2755–56; *see also Dahlberg v. Becker,* 748 F.2d 85, 91 (2d Cir.1984); *cert. denied* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985) (private party's misuse of New York's Judiciary Law, resulting in plaintiff's unconstitutional imprisonment, not fairly attributable to state).

■ Osipova's complaint must be dismissed because she has failed to set forth any facts supporting her allegation of a conspiracy between Officer Martinez and Clarke. The Court granted Officer Martinez qualified immunity on the ground that "the undisputed facts establish that there was an objectively reasonable basis for Martinez to believe there existed an exigency threatening the health and safety of the tenants such that he had the right to enter Osipova's apartment without a warrant." *Osipova,* 864 F.Supp. at 364. The record is devoid of any facts which could rationally support a finding that Officer Martinez believed he was violating Osipova's constitutional rights, or that a conspiracy between Clarke and Officer Martinez existed. Nor does Osipova set forth any basis supporting the conclusion that the police procedures followed by Officer Martinez were unconstitutional or otherwise improper. Indeed, Osipova makes no such claim.

■ Because Clarke's motion is dispositive of the federal claim, Osipova's pendent state law claims are dismissed without prejudice

United Mine Workers of America v. Gibbs*,
383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16
L.Ed.2d 218 (1966).

## CONCLUSIONS

For the reasons stated above, Clarke's mo-
tion for summary judgment shall be and
hereby is granted as to the federal claim, and
the remaining state claims shall be and here-
by are dismissed. The Clerk of Court shall
enter judgment and close the above-cap-
tioned action.

It is **SO ORDERED.**